UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NAEEM HOLLEY, | : | |
| | : | Civil Action No. 20-10718 (JXN) (ESK) |
| Plaintiff, | : | |
| v. | : | OPINION |
| BLUE APRON, LLC, | : | |
| Defendant. | : | |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on an appeal from Magistrate Judge Edward S. Kiel's December 23, 2021 Order [ECF No. 49] denying Plaintiff's request to compel supplemental responses to Plaintiff's interrogatories and notices to produce [ECF No. 47]. The Court reviewed all submissions and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed herein, Judge Kiel's Order [ECF No. 48] is **AFFIRMED**, Plaintiff's appeal of Judge Kiel's December 23, 2021 Order [ECF No. 49] is **DENIED**, and Plaintiff's appeal of Judge Kiel's July 6, 2022 Order [ECF No. 75] is **DENIED as moot**.

**I.   BACKGROUND**

The Court assumes the parties' familiarity with the factual background and procedural history in this matter and summarizes only those facts necessary to decide the instant appeal. On December 17, 2021, the parties filed a joint submission, which sets forth discovery disputes and Plaintiff's informal request to compel supplemental responses to Plaintiff's interrogatories and notices to produce. Joint Submission, ECF No. 47. On December 22, 2021, Judge Kiel held a

status conference with the parties to discuss their disputes. During the conference, Judge Kiel denied Plaintiff's request to compel supplemental responses to Plaintiff's Interrogatory Nos. 5, 6, 7, 9, 10, 11, 12, and 13 and Plaintiff's Notices to Produce Nos. 1, 5, 11, and 12. *See generally* Hearing Transcript ("Tr."), ECF No. 53. In so doing, Judge Kiel explained that Plaintiff's requests were either too broad, not relevant, or not proportional to the needs of the case. *Id.* at 4 ¶¶ 11-25; at 5 ¶¶ 8-10, 22-25. Judge Kiel noted that he was inclined to deny any discovery that was not reasonably related to finding out what position Plaintiff was qualified for and whether the position was available. *Id.* at 4 ¶¶ 7-10. In his December 23, 2021 Order, Judge Kiel afforded Plaintiff the opportunity to serve five supplemental interrogatories and five supplemental notices to produce, in accordance with the Court's direction placed on the record at the December 22, 2021 conference. December 23, 2021 Order ¶ 2, ECF No. 48.

Rather than serve the additional discovery requests, Plaintiff timely appealed Judge Kiel's Order asserting, among other things, that "[t]he Magistrate's conclusion that evidence of other acts of discrimination against members of plaintiff's protected class was not reasonably calculated to lead to admissible evidence and a 'fishing expedition' was erroneous." ECF No. 49-1 at 14.[1] Defendant opposes Plaintiff's motion and requests that the Court exercise its discretion to award Defendant attorneys' fees and costs associated with defending against this motion. *See* ECF No. 55. This matter is now ripe for the Court to decide.

## II.   STANDARD OF REVIEW

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law."

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

2

28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

## III.   DISCUSSION

In the parties' joint submission, Plaintiff made an informal request to compel supplemental responses to Plaintiff's Interrogatory Nos. 5, 6, 7, 9, 10, 11, 12, and 13 and Plaintiff's Notices to Produce Nos. 1, 5, 11, and 12. *See* ECF No. 47. Plaintiff's requests sought, among other things, information pertaining to ***all*** laborers and positions at Blue Apron's Linden, New Jersey Fulfillment Center. *See* ECF No. 49-1 at 6-8. In denying Plaintiff's requests, Judge Kiel explained that the interrogatories and notices to produce were too broad, not relevant, or not proportional to the needs of the case. Tr. at 4 ¶¶ 11-25; at 5 ¶¶ 8-10, 22-25. Judge Kiel further explained that Plaintiff's "request for all employment records . . . is a classic fishing expedition where plaintiff at the point where he comes before the Court has no concrete proof of anything, but wants to have all-encompassing discovery to see if he can unearth something." *Id.* ¶¶ 20-25. Judge Kiel noted that he was inclined to deny any request that were not properly limited to vacant positions for which Plaintiff was qualified during the relevant time. *See id.* at 4 ¶¶ 7-10 ("So anything that is

not reasonably related to finding out what position plaintiff was qualified for and whether a -- position was available is my inclination to deny it.").

Plaintiff appealed Judge Kiel's decision, arguing that "[t]he Magistrate's conclusion that evidence of other acts of discrimination against members of plaintiff's protected class was not reasonably calculated to lead to admissible evidence and a 'fishing expedition' was erroneous." ECF No. 49-1 at 14.  In support of his position, Plaintiff cites multiple New Jersey cases, which he argues supports his proposition that "an employer's other acts of discrimination against members of a plaintiff's protected class is usually admissible." ECF No. 49-1 at 14.  These same cases were raised in the parties' joint submission, ECF No. 47, and were considered by Judge Kiel in his decision.  *See* Tr. at 7 ¶¶ 1-14.[2]

As noted on the record during the Court's December 23, 2021 conference with the parties, under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  With this in mind, Judge Kiel carefully evaluated Plaintiff's discovery requests to determine whether they were relevant and proportional to the needs of the case.  In denying Plaintiff's request to compel supplemental responses to Plaintiff's interrogatories and notices to produce, Judge Kiel explained that "this case is really about whether [Plaintiff] was qualified for a certain position and whether there were other positions that were available to him that [were] vacant."  Tr. at 5 ¶¶ 2-5.  As a result, Judge Kiel determined that Plaintiff's requests for all employment records from Defendants Linden, New Jersey Fulfillment Center were either too broad, not relevant, or not proportional to the needs of the case.  *Id.* at 4 ¶¶ 11-25; at 5 ¶¶ 8-10, 22-25.  Nevertheless, Judge Kiel afforded Plaintiff the opportunity to serve

---

[2] The Court notes that Plaintiff does not offer any argument that Judge Kiel's statement and application of the law was a mistake that warrants overturning his Honor's Order.

five supplemental interrogatories and five supplemental notices to produce that were narrowly tailored to vacant positions for which Plaintiff was qualified. *See* December 23, 2021 Order ¶ 2, ECF No. 48. This determination was well within the court's discretion and was neither clearly erroneous nor contrary to law. Because Plaintiff has failed to satisfy his burden of demonstrating that this decision was clearly erroneous or contrary to law, Judge Kiel's Order is affirmed.

Although the Court recognizes Defendant's frustration in having to defend against Plaintiff's motion, the Court will not award fees and costs.

## IV.   CONCLUSION

For the foregoing reasons, Judge Kiel's Order [ECF No. 48] is **AFFIRMED**, Plaintiff's appeal of Judge Kiel's December 23, 2021 Order [ECF No. 49] is **DENIED**, and Plaintiff's appeal of Judge Kiel's July 6, 2022 Order [ECF No. 75] is **DENIED as moot**.[3] An appropriate Order accompanies this Opinion.

DATED: September 28, 2022

s/ Julien Xavier Neals
JULIEN XAVIER NEALS
United States District Judge

---

[3] Plaintiff filed an appeal of Judge Kiel's July 6, 2022 Order granting leave to file dispositive motions by September 9, 2022. In his motion, Plaintiff requests that the Court stay the filing of dispositive motions pending a decision on Judge Kiel's December 23, 2021 Order. *See* ECF No. 76. Now that a decision has been rendered on Plaintiff's appeal of Judge Kiel's December 23, 2021 Order, Plaintiff's appeal of Judge Kiel's July 6, 2022 Order is moot.